[Cite as *In re C.B.*, 2012-Ohio-3486.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                           |   |                                |
|---------------------------|---|--------------------------------|
| IN THE MATTER OF:         | : | JUDGES: |
| C.B., B.B., C.B., AND M.B.| : | Hon. W. Scott Gwin, P.J. |
|                           | : | Hon. William B. Hoffman, J. |
|                           | : | Hon. John W. Wise, J. |
|                           | : | |
|                           | : | |
|                           | : | Case No. 2012AP040027 |
|                           | : | |
|                           | : | |
|                           | : | |
|                           | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County
                             Court of Common Pleas, Case No.
                             11JN00143


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 30, 2012

APPEARANCES:

For Mother                          For Father

SHARON BUCKLEY-MIRHAIDARI           JOHN GARTRELL, JR.
152 N. Broadway Ave., Ste. 200      153 North Broadway
New Philadelphia, OH 44663          New Philadelphia, OH 44663


DAVID HAVERFIELD                    KAREN DUMMERMUTH
For Job & Family Services           Guardian Ad Litem
389 16th Street S.W.                Box 494
New Philadelphia, OH 44663          New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1} Lisa B., the mother of the minor children C.B., B.B., C.B., and M.B. appeals a judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, which terminated her parental rights and granted permanent custody of the children to appellee Tuscarawas County Job and Family Services. Appellant assigns two errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN GRANTING JOB AND FAMILY SERVICES PERMANENT CUSTODY AS SAID DECISION WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AS REQUIRED BY O.R.C. 2151.414 AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶3} "II. THE TRIAL COURT ERRED IN GRANTING JOB AND FAMILY SERVICES PERMANENT CUSTODY WHEN THERE WAS APPROPRIATE RELATIVE PLACEMENT FOR THE CHILDREN."

{¶4} The children's father, Danny B. is not a party to this appeal. At the time of the hearing, the children were a male aged 16, and females aged 13, 12, & 5. Appellee removed the children from the home on March 17, 2011. The court found them neglected and dependent, and placed them in the temporary custody of appellee. On January 12, 2012, appellee filed a motion for permanent custody.

I.

{¶5} In her first assignment of error, appellant argues the court erred in granting appellee permanent custody because the decision was not supported by clear and convincing evidence and was against the manifest weight of the evidence.

{¶6}  Pursuant to R.C. 2151.414, the trial court must make a two-part analysis before granting permanent custody.  First it must determine by clear and convincing evidence whether any of the criteria in R.C. 2151.414 (B)(1) apply.  If the court determines the criteria does apply, then the court must take the second step of determining  the best interest of the children by clear and convincing evidence pursuant to R.C. 2151.414 (D).

{¶7}  The criteria listed in R.C. 2151.414 (B)(1) are:

(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶8}  The Supreme Court has defined the term clear and convincing evidence as evidence greater than a mere preponderance of the evidence, which produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be

established.  *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E. 2d 118 (1954), syllabus by the court, paragraph three.

{¶9}  In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); See also, *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶10} Moreover, "an appellate court may not substitute its judgment for that of the trial court. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Company v. Cleveland,* the underlying rationale of deferring to the findings of the trial court rests with the understanding that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.  Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 1997-Ohio-260, 674 N.E.2d 1159.

{¶11} The trial court made findings of fact by clear and convincing evidence. The court found the children had been removed from the home on March 17, 2011, approximately one year before the hearing.  The court found the removal was prompted by issues of domestic violence, drug and alcohol abuse, and the long criminal history of both parents.  The court found the report of the guardian ad litem, confirmed by the testimony of the agency's case worker, was an accurate summary of the criminal history

of both parties, as well as their involvement with appellee. The court's judgment entry did not set out appellant's criminal history in detail, but found it consisted mostly of theft and fraud, disorderly conduct, and endangering children. The court found there was also a history of numerous calls to law enforcement, mostly made by appellant, concerning violations of protection orders.

{¶12} The trial court found the children had formerly been in the custody of Kentucky's Child Protective Services while both parents were in jail.

{¶13} The case plan for unification of the family listed objectives for appellant, including: (1) complete psychological evaluation and follow the recommendations; (2) complete parenting education; (3) obtain a drug and alcohol assessment; (4) obtain housing; (5) obtain employment or income; and (6) receive domestic violence counseling.

{¶14} The trial court made numerous findings regarding appellant's progress on her case plan. The court found although appellant had completed a psychological assessment, she had withheld or lied about certain information so excessively that the court found the evaluation was of no value. The court noted that at the hearing, appellant insisted none of the information she withheld mattered, because her criminal history has no bearing on her ability to parent. The court found appellant had repeatedly failed to honor protection orders issued for her own benefit. Appellant insisted that despite the alcohol abuse and extensive violence, her husband was a good father to the children.

{¶15} The court found appellant had failed to maintain steady employment and housing. She has a long history of prescription drug abuse and had attended the drug

and domestic violence programs at Harbor House. The court found during the time she was at Harbor House, appellant continued to send her husband letters while he was incarcerated, which violated Harbor House's policy. After being caught corresponding with her husband, appellant continued to do so by allowing another resident to send letters to him. Appellant spent 88 days in Harbor House, but left against the advice of counsel when appellee filed its motion for permanent custody.

{¶16} The court found appellant's visitation with the children had never progressed beyond supervised visitation and although the children appeared to enjoy their visits with her, the visits were chaotic. The court found the older children clearly felt the need to assume the parental role during the visits. The court also found appellant discussed inappropriate legal issues with the children and lied to them about her own progress and other important things in their lives. She lied even though the children could clearly discern the truth. The court found appellant made no attempt to parent the children and did not want them to be "mad" at her, resulting in behavior more like a friend than a mother. The court found appellant made no attempt to take sincere responsibility for her actions and the hurt that she had caused the children. In her brief appellant states a great deal of the harm the children suffered was due to appellee's actions, and events while the children were in foster care.

{¶17} The court found all four children are currently residing in the same foster home and have a reasonably good relationship with each other. The court found they have made some progress towards overcoming their family situation, and no appropriate relative placement exists.

{¶18} Based upon these facts and the recommendation of the Guardian Ad Litem, the court concluded the children cannot and should not be placed with either parent within a reasonable time.

{¶19} The court found despite diligent reasonable efforts of planning by appellee to remedy the problems which caused the removal of the children, both parents had failed continually and repeatedly to substantially remedy the conditions causing removal. Specifically, the court found appellee had addressed all the concerns in its case plan, and had offered supportive services for each element of the case plan in order to assist appellant to complete it. The court concluded that the parents have demonstrated a lack of commitment towards their children and have failed to provide an adequate home for the children and cannot do so within a year of the litigation.

{¶20} A trial court may base its decision that a child cannot or should not be placed with a parent within a reasonable time upon the existence of any one of the R.C. 2151.414(E) factors. The existence of one factor alone will support a finding that the child cannot be placed with the parent within a reasonable time. See *In re: William S.*, 75 Ohio St.3d 95, 1996-Ohio-182, 661 N.E .2d 738. Nevertheless, a court should not give one factor more weight than another. *In re: Schaefer*, 111 Ohio St.3d 498. 2006–Ohio–5513. The pertinent factors are:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to

be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;

* * *

**{¶21}** Appellant argues that the trial court's findings are not supported by the evidence and testimony presented at the hearing. Appellant asserts appellee failed to prove the children could not be placed with appellant, because she had successfully and substantially completed all the case plan requirements except for housing.

**{¶22}** Appellant conceded she had not obtained housing at the time of the hearing, but she testified she should have housing in a couple of months. She asserts contrary to the court's finding, she took responsibility for her actions and had made positive changes.

**{¶23}** The trial court found it to be in the children's best interest for them to be placed in appellee's permanent custody. To make such a determination, the court must consider the factors listed in R.C. 2151.414(D). The factors are:

(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;

(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

**{¶24}** The trial court's findings of fact concerning the children are sparse, but the court specifically stated it considered all the statutory factors. Appellant does not cite us to any place in the judgment entry or in the record to contest this.

**{¶25}** We have reviewed the record, including the transcripts of the hearings, and we find the trial court's findings are supported by clear and convincing evidence and are not against the manifest weight of the evidence.

**{¶26}** The first assignment of error is overruled.

II.

**{¶27}** In her second assignment of error, appellant argues the trial court erred in granting appellee permanent custody when there was an appropriate relative placement for the children. The trial court found there was no appropriate relative placement available. Appellant argues the paternal grandmother, Shirley B., was present in court and petitioned the court for home studies and for custody of the children. The record is unclear regarding Shirley B.'s participation in the home study.

**{¶28}** At the hearing for permanent custody, appellant was asked about her relationship with Shirley B. Appellant testified Shirley B. would be a perfectly appropriate placement, but conceded that at a prior hearing appellant had objected to Shirley B.'s presence in the courtroom and had asked to have her removed. Appellant admitted having lied about Shirley B. because she had told the agency Shirley B. had a problem with pills and sold some pills, had struck one of the children, and harassed the family. Appellant explained she had made up all of those allegations because at the time, appellant did not want the kids placed in Shirley B.'s custody, but rather wanted them to return to appellant.

**{¶29}** The guardian ad litem's report and appellee urged the court to place the children in appellee's permanent custody.

**{¶30}** We find the trial court did not err in determining there was no appropriate relative placement available for the children. Accordingly, the second assignment of error is overruled.

{¶31} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0713

[Cite as *In re C.B.*, 2012-Ohio-3486.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:
C.B., B.B., C.B., AND M.B.        :
                       :
                       :
                       :
                       :
                       :          JUDGMENT ENTRY
                       :
                       :
                       :
                       :          CASE NO. 2012AP040027

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE